Case No. CV 18-10418-CJC (RAOx)            Date: April 23, 2019

Title: <u>BERTHA LEZAMA, *ET AL*. V. FORD MOTOR COMPANY, *ET AL*.</u>

PRESENT:

<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>

| <u>Gabriela Garcia</u> | <u>N/A</u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT [Dkt. 15] AND DENYING AS MOOT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. 11]**

     On November 14, 2018, Plaintiffs Bertha and Raul Lezama filed this action against Defendants Ford Motor Company ("Ford") and Sunrise Ford in Los Angeles County Superior Court. (Dkt. 1-3 [Complaint].) Ford is a Delaware corporation with its principal place of business in Michigan. Sunrise Ford is a dealership incorporated in California and operating in San Bernardino County. Plaintiffs, California residents, allege that Defendants sold them a defective vehicle in violation of the Song-Beverly Act. (*See id*.)

     On December 17, 2018, Defendants removed the action to this Court pursuant to diversity jurisdiction. (Dkt. 1 [Notice of Removal].) Defendants argued that Sunrise Ford was fraudulently joined and thus could not defeat diversity. (*Id*. at 5.) On March 21, 2019, Defendants moved for judgment on the pleadings. (Dkt. 11.) Shortly after on April 9, 2019, Plaintiffs filed a motion to remand the action to state court. (Dkt. 15.) Plaintiffs argued that Sunrise Ford was not fraudulently joined and that this Court lacks subject matter jurisdiction to proceed. On April 22, 2019, Defendants filed a non-opposition to Plaintiffs' motion for remand. (Dkt. 17.)

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). In light of their non-opposition, Defendants have failed to meet their burden of establishing subject matter jurisdiction exists. Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendants' motion for judgment on the pleadings is **DENIED AS MOOT**.